IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HATCHIGIAN** and **JOAN RANDAZZO**, | : : : | CIVIL ACTION No. 21-2562 |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **CARRIER CORPORATION**, | : : | |
| *Defendant*, | : | |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                    **October 21, 2021**

I.   **INTRODUCTION**

    David Hatchigian and Joan Randazzo filed their Complaint *pro se* against Carrier Corporation in the Eastern District of Pennsylvania.  The claims in the Complaint stem from a settlement agreement between Plaintiffs and Carrier recorded on January 23, 2017 in state court. The settlement resolved a suit brought by Hatchigian in the Philadelphia County Court of Common Pleas, which sought compensation for mold damage caused by an air conditioning unit he had purchased from Carrier.  Plaintiffs aver that Carrier has continued to withhold payment under the parties' settlement agreement.  Defendant claims that Plaintiffs never signed a release that was necessary to the settlement.  Plaintiffs previously brought an action in state court for breach of settlement, which was dismissed.  The Pennsylvania Superior Court affirmed that dismissal.

    In the instant action, Plaintiffs assert two counts.  Count I alleges "Abuse of Process" based on Carrier's failure to pay the settlement amount and claims that the Defendant's settlement offer was not genuine and was instead a tactical maneuver to deny Plaintiffs their day in court.  Plaintiffs claim that because of the ongoing delay in settlement, Plaintiffs' home has

lost value due to the property damage. Plaintiffs' second claim alleges "Breach of Settlement." Plaintiffs allege that Carrier's conduct constitutes a breach of the settlement agreement, which caused Plaintiffs to incur significant financial losses.[1]

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint. ECF No. 5. Defendants argue, *inter alia*, that pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) this Court lacks subject matter jurisdiction and that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. The Court finds that it does not have subject matter jurisdiction over the case and that the claims are precluded by *res judicata*. As the Court also finds that any attempt to cure these defects would be futile, the Court will not give Plaintiffs leave to file an amended complaint. The Defendant also requested that the Plaintiffs be precluded from filing any future lawsuits against Carrier without leave of the Court and certification from the Court that the claims raised are meritorious pursuant to Federal Rule of Civil Procedure 11. As Plaintiff Hatchigian stated that he has no objection, the Court will grant Defendant's request.

## II.    FACTS[2]

---

[1] Plaintiffs assert they have lost $3,000 (the full amount of the foregone settlement funds in Common Pleas No. 150604313); $4,000 in out-of-pocket expenses in order to further pursue litigation to resolve the January 2017 settlement; $68,000 representing the value of Plaintiffs' relinquished claims for breach of contract, breach of implied and express warranty, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Const. Stat. § 201-1, including compensatory damages for the purchase of the subject Carrier HVAC product and $15,000 in costs to uninstall and replace the subject Carrier unit. Additionally, Plaintiffs claim $2,000 in mold remediation and other mold-related costs, $1,000 for HVAC inspection, $10,000 in lost rental income, and litigation expenses including $5,000 in court filing fees and $15,000 litigation support and legal research.

[2] The Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [ ] construe[s] them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). The Court draws the following facts from the Complaint and the attached exhibits. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complaint's claims are based upon these

This case has an extensive history which was discussed at length in the Court's December 3, 2020 Memorandum Opinion and will be only briefly summarized again here. *See* ECF No. 4, Ex. A.

In 2005, Plaintiffs David Hatchigian and Joan Randazzo (collectively "Plaintiffs") purchased an air conditioner unit manufactured by Defendant Carrier Corporation ("Carrier") that was later installed by Pierce-Phelps, LLC ("Pierce-Phelps") on the roof of their multi-unit property in Philadelphia. *See* Amended Complaint, ¶ 17, *Hatchigian v. Carrier,* 2:20-cv-04110, (E.D. Pa.). Plaintiffs allege that their Carrier unit malfunctioned, causing significant water damage and necessitating costly mold remediation. *Id*. at ¶ 18.

In September 2015, Hatchigian filed a complaint against Carrier and Peirce-Phelps in the Philadelphia County Court of Common Pleas. *Id*. at ¶ 3.[3] On January 23, 2017, the morning of the parties' non-jury trial, the Honorable Gene Cohen conducted settlement discussions, where Hatchigian was represented by counsel. *Id*. at Ex. C. During Judge Cohen's settlement discussions, the parties agreed to settle the case for $3,000. *Id*. at 3. Hatchigian's attorney read the settlement into the record and Hatchigian affirmed his acceptance of the settlement. *Id*. at 5. However, when Defendants provided the release to Hatchigian, he refused to sign it because he was unwilling to waive his future rights to buy Carrier products. *Id*. at 43.

On March 5, 2017, Hatchigian moved to invalidate the settlement in the Philadelphia Court of Common Pleas, arguing that Carrier and Peirce-Phelps failed to timely disburse the settlement funds. *See id*. at Ex. E. The Court denied Hatchigian's motion to invalidate,

---

documents."). This Court also will take judicial notice of Plaintiffs' related state and federal cases where they are relevant to the instant action. *See* F.R.E. 201.

[3] The complaint asserted claims for breach of contract, breach of warranty, negligent design, and violation of the Magnuson-Moss Warranty Act.

describing Hatchigian's refusal to sign the "appropriate and necessary release" as "unreasonable." *Id.* at Ex. F at 2.  The Pennsylvania Superior Court affirmed the denial on appeal, finding Hatchigian's arguments "meritless because Hatchigian himself agreed to the settlement on the record." *Id.* at Ex. I at 4.  To date, Hatchigian has not returned a signed release and the funds have not been disbursed.

On August 17, 2020, Hatchigian, joined by his wife, brought suit in federal court against Carrier and Peirce-Phelps.[4]  Complaint, *Hatchigian v. Carrier,* 2:20-cv-04110, (E.D. Pa.).  On December 3, 2020, this Court granted Carrier's and Peirce-Phelps' motions to dismiss that complaint without prejudice after finding that Plaintiff failed to establish a basis for the Court's subject matter jurisdiction.  *See* ECF No. 4, Ex. A.  On December 18, 2020, Plaintiff filed an amended complaint adding the County of Philadelphia and the Court of Common Pleas of Philadelphia County as Defendants.  *See* Amended Complaint, *Hatchigian v. Carrier,* 2:20-cv-04110, (E.D. Pa.).[5]  Finding that amendment had not cured the deficiencies identified by the Court in dismissing the original complaint, the Court granted Defendant Carrier's and Defendant Peirce-Phelps' motions to dismiss the amended complaint for lack of subject matter jurisdiction and dismissed the action in its entirety with prejudice.  *Hatchigian v. Carrier,* 2:20-cv-04110, ECF No. 22, 23 (E.D. Pa.).

---

[4] The claims included negligence, breaches of implied and express warranty, breach of contract, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C § 2301, *et seq*. and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, *et seq*.  *See* ECF No. 1.

[5] The amended complaint also added causes of action for breach of settlement, violations of the Federal and Pennsylvania Constitutions, deprivation of civil rights under 42 U.S.C. § 1983, and declaratory judgment pursuant to 42 Pa. Cons. Stat. § 7532.  *Id.*  The amended complaint incorporated the factual averments made in the initial Complaint and also alleged that the County of Philadelphia and the Court of Common Pleas of Philadelphia County violated Hatchigian's civil rights and constitutional right to due process by declining to invalidate his January 23, 2017 settlement agreement.  ECF No. 15 at ¶¶ 51–73.

Now—more than six years after Hatchigian filed his initial complaint against Carrier and four years after reaching a settlement agreement with Defendant—Hatchigian, joined by his wife, comes again to federal court again alleging similar claims based on the same alleged misconduct by Defendant.[6]

### III.    STANDARD OF REVIEW

Defendants argue, *inter alia,* that under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) the Court lacks subject matter jurisdiction and that Plaintiffs' claims are precluded by *res judicata*.  ECF No. 4 at 7, 11.  As the Court finds that Plaintiffs' Complaint does not meet the requirements of 28 U.S.C 1332(a), this Court lacks subject matter jurisdiction to hear Plaintiffs' case and, accordingly, will first address the Rule 12(b)(1) issue.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by [the United States] Constitution and [federal] statute[s.]" *In re Community Bank of N. Virginia Mortg. Lending Practices Litig.*, 911 F.3d 666, 670 (3d Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (alteration in original)). "The burden of demonstrating that a case falls within the jurisdiction of the federal court rests upon the party asserting jurisdiction." *Id.*  Federal Rule of Civil Procedure 12(b)(1) authorizes a district court to dismiss a complaint for "lack of jurisdiction over the subject matter" of the case. Fed. R. Civ. P. 12(b)(1).  The most common grounds for a federal court's jurisdiction are diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

A motion to dismiss for lack of subject matter jurisdiction may present either a facial attack or a factual attack.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F. 3d 99, 105 (3d Cir.

---

[6] Plaintiffs did not name Pierce-Phelps in this suit, presumably in order to preserve diversity jurisdiction under 28 U.S.C. § 1332(a).

2015).  A facial challenge concerns insufficient pleading, and a factual attack concerns a disputed fact relevant to jurisdiction.  *Gould Elecs., Inc. v. United States*, 220 F. 3d 169, 176 (3d. Cir. 2000).  Here, Carrier presents both facial and factual challenges in its Motion to Dismiss.  *See* ECF No. 4 at 7, 11.

Where the motion presents a facial challenge to jurisdiction, "the Court must accept well-pled factual allegations as true and may consider only the complaint and any documents referenced therein or attached thereto."  *See Lincoln Ben. Life Co.*, 800 F.3d at 105.  The Court may not consider affidavits or briefs in opposition.  *Id.* at 110.  In contrast, a factual challenge to jurisdiction challenges whether the district court actually has subject matter jurisdiction based on the facts alleged.  *Davis v. Wells Fargo*, 824 F. 3d 333, 346 (3d Cir. 2016).  To that end, "the court may consider evidence outside the pleadings."  *See Gould Elecs., Inc.*, 220 F. 3d at 176.

## IV.   DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint for lack of diversity jurisdiction.  ECF No. 4 at 7.[7]  Because the Court finds that it lacks jurisdiction over Plaintiffs' claims, the Court will dismiss the Complaint.  However, the Court will also address Defendant's argument that Plaintiffs' claims are barred by *res judicata*, because finding that the claims are barred on *res judicata* renders any possible amendment futile.[8]

---

[7] This Court will not reach Defendant's other claims that address whether Plaintiffs' claims are barred by the applicable statutes of limitation and the application of the Rooker-Feldman Doctrine.  "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot."  *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa 1993), *aff'd* 39 F. 3d 61 (3d Cir. 1994).

[8] The issue of *res judicata* was not addressed in Plaintiffs' previous case filed in with this Court because there was no diversity jurisdiction and "[w]hen a motion under Rule 12 is based on more than one ground, the Court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Hatchigian v. Carrier,* 2:20-cv-04110, ECF No. 22, (E.D. Pa.) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp.

6

**A. Plaintiffs Have Not Satisfied the Requirements of 28 U.S.C § 1332(a)**

The Court finds that Plaintiffs' Complaint fails to plead the requisite amount in controversy to sustain federal diversity jurisdiction because the sum of the amount Plaintiffs have requested does not *exceed* $75,000. *See* 28 U.S.C. § 1332(a).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Federal Rule of Civil Procedure 8(a)(1) also requires plaintiffs to provide a short and plain statement of the grounds for the court's jurisdiction. The burden of establishing diversity jurisdiction rests with the party asserting its existence. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006).

Under 28 U.S.C. § 1332, federal district courts may exercise diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The statute requires "complete diversity" between the parties, meaning that "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal citation omitted). Here, Plaintiffs are Pennsylvania residents and Carrier is a Delaware corporation with a principal place of business in Florida. Carrier admits that the parties are diverse. However, Defendant claims that the Plaintiffs have not satisfied the amount in controversy requirement. *See* ECF No. 4 at 8.

---

104, 105 (E.D. Pa 1993), *aff'd* 39 F. 3d 61 (3d Cir. 1994)). The previous case was dismissed with prejudice based on lack of subject matter jurisdiction and statute of limitations. The Court will assess whether the Plaintiffs' suit is barred by *res judicata* here as it goes to the Court's determination of whether granting Plaintiffs leave to amend the Complaint would be appropriate as well as the Court's analysis of the Defendant's Rule 11 request.

7

Plaintiffs bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). The jurisdictional amount need not be actually proven; rather, the amount is judged from the face of the complaint and is generally established by a good faith allegation. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (measuring "good faith" by whether it appears "to a legal certainty the claim is really for less than the jurisdictional amount") (internal quotations and citations omitted). Plaintiffs requested judgment against Carrier in amount of "SUM CERTAIN $75,000.00."[9] ECF No. 1. ¶ 28. The Court agrees with Defendant that "[t]his does not [meet] the jurisdictional threshold of *exceeding* $75,000.00." *See* ECF No. 4 at 8; *see also Colon v. Budget/Avis Rental Car LLC,* No. 20-4078, 2020 U.S. Dist. LEXIS 167344, at *6 (E.D. Pa. Sep. 14, 2020) (finding plaintiff did not satisfy the amount in controversy requirement when he sought damages in the amount of exactly $75,000) (citing *Freeland v. Liberty Mut. Fire Ins. Co*., 632 F.3d 250, 255 (6th Cir. 2011)).

In support of their argument, Defendant also notes that the suit at issue here was filed as an arbitration matter where Plaintiff claimed the damages were less than $50,000, and then settled the entire matter for $3,000.00. ECF No. 4 at 8. Additionally, Defendant avers that Plaintiffs have provided no support how their "abuse of process" claim could possibly exceed the statutory threshold. *Id*. Regarding the breach of settlement claim, Plaintiffs demand the settlement monies of $3,000.00, legal fees associated for appeal (which was denied), and the first federal court case (which was dismissed due to jurisdiction), along with the "full amount" of the

---

[9] In Plaintiffs' statement of the Court's jurisdiction, Plaintiffs assert that the amount in controversy is met because "Plaintiffs seek $50,000.00 in actual damages plus $50,000.00 in exemplary damages." However, the Count II of the Complaint and in the Prayer for relief, Plaintiffs' request "judgment in the SUM CERTAIN OF $75,000.00." Further, Plaintiffs provide no reasonable basis for their claim to $50,000 in exemplary damages.

alleged controversy. *Id.* This Court agrees with Defendant that Plaintiffs "would not be entitled to the latter damages for any breach of contract claim." *See id*. at 9. Thus, it appears as a legal certainty that claims here are for less than the jurisdictional amount.

The Court finds that Plaintiffs did not sufficiently plead the amount of controversy and thus this Court does not have subject matter jurisdiction over this case.[10] While this Court has discretion to grant Plaintiffs leave to amend their complaint to satisfy the amount in controversy requirement, the Court will not do so here because Plaintiffs claims are nevertheless precluded by *res judicata*.

### B.  B. Plaintiffs' Claims are Precluded under *Res Judicata*

Defendant additionally argues that Plaintiffs' claims here are an impermissible attempt to relitigate the settlement agreement of the underlying state court action and the prior federal complaint, which was dismissed with prejudice less than a year ago. ECF No. 4 at 11; *Hatchigian v. Carrier,* 2:20-cv-04110, ECF No. 22, 23 (E.D. Pa.). Plaintiffs filed a Motion to Invalidate the settlement in the Court of Common Pleas in March 2017, which was denied. *Id.* The Pennsylvania Superior Court affirmed the denial, finding the Plaintiffs' arguments meritless. *Id.*

The defense of claim preclusion may be raised and adjudicated on a motion to dismiss, and a court can take notice of all facts necessary for the decision. *Connelly Found v. Sch. Dist. of Haverford Tp.*, 461 F.2d 495, 496 (3d Cir. 1972) (finding appellant's contention that *res judicata* cannot be raised by motion prior to Answer was without merit). "Under the doctrine of *res judicata*, '[a] final judgment upon the merits by a court of competent jurisdiction bars any

---

[10] The Plaintiffs also assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on their abuse of process claim. However, Plaintiffs make no mention of any federal statutory authority that would create federal question jurisdiction and thus that argument fails.

future suit between the same parties or their privies on the same cause of action.'" *Wexler v. Citibank*, no. 94-4172, 1994 U.S. Dist. LEXIS 14992, at *14 (E.D. Pa. Oct. 21, 1994) (citing *Stevenson v. Silverman*, 417 Pa. 187, 190 (1965), *cert. denied*, 382 U.S. 833 (1966)).  A court may take judicial notice of the record from a previous court proceeding between the parties.  *See Oneida Motor Freight Inc., v. United Jersey Bank*, 848 F.2d 414, 416, n.3 (3d Cir. 1988).

*Res judicata* exists when the following three elements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir. 1998) (citing *United States v. Althlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). When analyzing whether these three elements are satisfied, the Third Circuit does not "apply this conceptual test mechanically," but rather focuses on "the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit.  In so doing, [] [the Third Circuit] avoid[s] piecemeal litigation and conserve[s] judicial resources." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999)).  Additionally, the Pennsylvania Superior Court has also stated that:

> The rule of [*res judicata*] should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose, a second trial on the same cause between the same parties.  The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.  If this be the fact, then the matter ought not be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sough, be permitted to nullify the rule.

*Mintz v. The Carlton House Partners LTD.*, 595 A.2d 1240, 1247 (Pa. Super. 1991) (quoting *Stevenson v. Silverman*, 208 A.2d 786 (Pa. 1965)).

Applying these principles to the instant action, Defendant argues the elements required to invoke *res judicata* as a defense in the context of this Motion to Dismiss are met. *See* ECF No. 4 at 12. Regarding the first element, the Court agrees with Defendant that there was a final judgments on the merits in the state court action. *See id*. "Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion." *Toscano v. Conn. Gen. Life Ins. Co*., 288 F. App'x 36, 38 (3d Cir. 2008) (citing *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995)). Defendant notes that a settlement was reached in the state court action and was confirmed by the Plaintiffs on the court record. *See* ECF No. 4 at 13. The Plaintiffs then attempted to invalidate the settlement—just as they are trying to do here—and the state trial court denied the motion, which the appellate court affirmed. *See id.* Thus, there was a final judgment on the merits, satisfying the first *res judicata* factor.

The second element of *res judicata* is satisfied if there is privity or an otherwise close or particular relationship between the parties. *See Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950). The doctrine of privity includes a person so identified in interest with another that he represents the same legal right. *Toll Bros. v. Century Sur. Co*., 318 F. App'x 107, 110–11 (3d Cir. 2009) (citing *Ammon v. McCloskey,* 655 A.2d 549, 554 (Pa. Super. 1995)). David Hatchigian was the plaintiff in the state court action and here has merely added his wife Joan Randazzo as a Plaintiff and removed Peirce-Phelps as a defendant. Defendant argues that Plaintiff Hatchigian simply adding his wife as a Plaintiff does not defeat the defense of claim preclusion. *See* ECF No. 4 at 13. The Court agrees. "Pennsylvania courts have defined parties in privity as those that have 'mutual or successive relationships to the same right of property,' or have 'such an identification of interest of one person with another as to represent the same legal right.'" *O'Brien v. Valley Forge Specialized Educ. Servs*., No. 03-CV-3984, 2004 U.S. Dist.

11

LEXIS 20655, at *20 (E.D. Pa. Oct. 13, 2004) (citing *Ammon v. McCloskey,* 440 Pa. Super. 251, 655 A.2d 549, 554 (1995)).  The Plaintiffs were in privity because are married and they lived in the same home with the same air conditioning unit that was at issue in the original state court action, giving them a mutual relationship to the right of the property.  *See* ECF No. 4 at 13.  Thus, this Court agrees with the Defendant that an "argument that by not naming his wife in the prior action would somehow allow re-litigation of the same claims and prevent claim preclusion is without merit."  *See id*.  The second *res judicata* factor is satisfied.

The last *res judicata* factor is also satisfied.  The Third Circuit takes "a broad view of what constitutes the same cause of action" and "*res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Sheridan*, 609 F.3d at 261 (internal citations omitted).  The identity of the cause of action refers not only to claims actually litigated, but also, to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events.  *See Lubrizol v. Exxon Corporation,* 929 F.2d 960, 964 (3d Cir. 1991).  The test set forth in *United States v. Athlone Industries Inc.*, aids in the determination of whether two causes of action are identical for *res judicata* purposes.  746 F.2d 977 (3d Cir. 1984).  The factors that the court may consider include:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

*Id.* (internal citations omitted).

The action at issue here is premised upon the same "cause of action" as the prior suit between the parties.  An examination of the Complaint filed in the present action reveals that the factual issues, the documentation evidence, and the relief sought are identical to those in the

previous cases. Both actions arise from issues with the air conditioning unit Plaintiffs purchased from Defendant that allegedly caused mold damage to Plaintiffs' home. *See* ECF No. 1; Amended Complaint, ¶ 1, 2, *Hatchigian v. Carrier,* 2:20-cv-04110, (E.D. Pa.). In the prior action, Plaintiff asserted a claim of breach of settlement, arguing that Plaintiff had "performed all material conditions, covenants and promises required to be performed" by the settlement agreement. Amended Complaint, ¶ 42, *Hatchigian v. Carrier,* 2:20-cv-04110, (E.D. Pa.). In the instant action, Plaintiffs' Complaint asserts that they have "performed all material conditions, covenants and promises required to be performed on his part by the Settlement Agreement." *See* ECF No. 1. Additionally, in the previous Complaint's breach of settlement claim and in both the claims now before this Court, Plaintiffs sought redress for the settlement amount and court costs. Both Complaints specifically allege Plaintiffs are entitled to damages that include "consequential and special damages in the form of attorney's fees, cost and expenses," and other alleged related damages. *See* Amended Complaint, ¶ 45, *Hatchigian v. Carrier,* 2:20-cv-04110, (E.D. Pa.); ECF No. 1. Thus, the instant action is effectively the same the Motion to Invalidate Settlement that was filed with the state trial court, which was denied by the Superior Court of Pennsylvania on Plaintiffs' appeal. As such, the claims in the instant matter are barred by claim preclusion and should be dismissed.

    **C. Leave to Amend**

The Court should give Plaintiffs leave to amend their Complaint where justice so requires. Fed. R. Civ. P. 15(a)(2). But where leave to amend would be futile, denial of leave to amend is appropriate. *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007). The Court will not grant Plaintiffs leave to amend their Complaint because the Court does not see how an amendment on this record could cure the *res judicata* issue.

### D. Request to Preclude Future Filings

The Defendant included in its Motion a request to preclude future filings from the Plaintiffs based on Federal Rule of Civil Procedure 11. Defendant states that it "has been defending cases filed by Plaintiffs since 2015," and emphasizes that the first case all the subsequent litigation has been based on "settled on the record and confirmed on appeal in 2017." ECF No. 4 at 15. Since the settlement, Defendant "has had to address and respond to multiple claims filed by Plaintiffs over the multiple years." *Id.* Considering that nearly identical claims to those brought here were dismissed with prejudice by this Court less than a year ago, Defendant anticipates frivolous litigation will continue to be brought against them by Plaintiffs and that the dismissal with prejudice here will not dissuade Plaintiffs from future filings. *Id*. Defendant asserts this would cause it "to expend legal time and expense and waste the time of the courts and administrative agencies within Pennsylvania." *Id.*

Rule 1 of the Federal Rules of Civil Procedure states that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1. Rule 11 requires that all pleadings and motions not be brought for an improper purpose. Fed. R. Civ. Pro. 11(b)(1). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." Fed. R. Civ. Pro. 11 (c)(1).

The Third Circuit has held that if a district court determines that a litigant's past and current lawsuits constitute a continuous pattern of "groundless and vexatious litigation," the All Writs Act, 28 U.S.C. § 1651(a), permits the court, under exigent circumstances, to grant an order enjoining the litigant from filing further actions without the permission of the Court. *See In re*

*Vora*, 08-104, U.S. Dist. LEXIS 84309 at *5 (W.D. Pa. Oct. 21, 2008) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

There are three requirements before such a restriction can be imposed on a litigant. *Crooker v. Delta Management Associates, Inc.*, 2010 WL 1390868, at *4 (M.D. Pa. Apr.1, 2010). First, the Court may not restrict the litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions. *Id.* Second, if the Court finds that the circumstances warrant the imposition of an injunction, the Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. Third, the scope of the injunction must be narrowly tailored to fit the particular circumstances of the case. *Id.* When issuing such injunctive orders against *pro se* litigants, the district court must comply carefully with these requirements. *In re Vora*, U.S. Dist. LEXIS 84309 at *5; *Matter of Packer Ave.* Assoc., 884 F.2d 745, 747 (3d Cir. 1989).

Here, these three requirements are met. Defendant included its request to preclude future filings in its Motion to Dismiss, which Plaintiffs did not address in their response. *See* ECF Nos. 4 and 7. Plaintiffs further had the opportunity to respond to the request to preclude future filings at a hearing held on October 19, 2021, and the Court in its notice of the hearing specifically stated that Plaintiffs would "be heard on the Defendant's request to preclude future filings." ECF No. 9. At the hearing, Plaintiff Hatchigian stated that he had no objection to Defendant's request and made no argument that the injunctive relief should not be imposed.

"[A] district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute." *Chipps v. U.S.D.C. for M.D. of PA*, 882 F.2d 72, 73 (3d Cir. 1989). Plaintiffs have filed three lawsuits and numerous motions all

stemming from the same issue with the air conditioning unit he purchased from Defendants and the unrealized settlement, showing a pattern of "vexatious litigation." *See id*. Thus, this Court will grant the motion to preclude Plaintiffs from future filings that arise from the issues presented in this case without the Court's permission. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (allowing the district courts to issue an injunction that required a litigant to obtain approval before making further filings).

## V.   CONCLUSION

For the foregoing reasons, this Court will grant Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction. The Court will dismiss the action in its entirety with prejudice, and will require the Plaintiffs to obtain leave from the Court before making any additional filings on any claims related to the subject matter of this case.

**DATE:**   10/21/2021                                **BY THE COURT:**

/s/ Chad F. Kenney
**CHAD F. KENNEY, JUDGE**